IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE MIDDLETON,

      Petitioner,                 No. CIV S-08-2276 KJM P

    vs.

MIKE KNOWLES,                      <u>ORDER AND</u>

      Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This matter was on calendar on April 15, 2009 for a hearing on respondent's motion to dismiss. Carolyn Wiggin, Assistant Federal Defender, appeared for petitioner, who was not present; Tami Warwick, Deputy Attorney General, appeared for respondent.

        Respondent alleges that petitioner has not exhausted state remedies and that the petition is untimely. Petitioner concedes the failure to exhaust, but argues in his briefing that he is entitled to equitable tolling because his mental state made it impossible for him timely to file a petition. The court declines to reach the timeliness question, for it finds petitioner has not exhausted state remedies as to any claim in the petition.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

/////

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the petition for habeas corpus, the court finds that petitioner's claims have not been presented to the California Supreme Court, but rather only to the San Joaquin County Superior Court, something counsel for petitioner confirms. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, both parties agreed at hearing that the petition should be dismissed without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court assign this case to a district judge.

IT IS HEREBY RECOMMENDED that the application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2009.

_____
U.S. MAGISTRATE JUDGE

2
midd2276.oah

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).